UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO REVUELTA TORRES, | Case No.  26-cv-05242-TLT |
| Petitioner-Plaintiff, | |
| v. | **ORDER GRANTING-IN-PART EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| SERGIO ALBARRAN, et al., | Re: Dkt. No. 3 |
| Respondents-Defendants. | |

Pending before the Court is Petitioner-Plaintiff Luis Alberto Revuelta Torres's *Ex Parte* Motion for Temporary Restraining Order.  ECF 3.  Petitioner-Plaintiff requests that the Court (1) order his immediate release from Respondents' custody and enjoin Respondents from re-detaining him absent further order of this Court; (2) in the alternative, order his immediate release from custody and enjoin Respondents from re-detaining him unless they demonstrate at a pre-deprivation hearing, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is required; and (3) prohibit the government from transferring him out of this District and/or removing him from the country until these habeas proceedings have concluded.  *Id*.  For the reasons stated below, the Court GRANTS-IN-PART Torres's *Ex Parte Motion* for Temporary Restraining Order.

### I.    BACKGROUND

Petitioner is a native and citizen of Mexico and entered the United States around 2000 without inspection.  ECF 3 at 5.  Petitioner has never previously encountered immigration officials, either through enforcement actions by U.S. Immigration and Customs Enforcement ("ICE") or through affirmative immigration applications before U.S. Citizenship and Immigration Services.  ECF 4 at 2.

On May 15, 2026, the U.S. Department of Homeland Security issued a Form I-200 warrant for the arrest of an alien, and an immigration officer signed it the following day.  ECF 4-2 at 2.  According to the face of the Form, the determination was made based on (1) biometric confirmation of the Petitioner's identity and a records check of federal databases and (2) statements made voluntarily by the subject officer and/or other reliable evidence.  *Id*.

On June 2, 2026, ICE agents arrested Petitioner outside his home in San Jose, California.  ECF 3 at 7; ECF 3-3 at 3.  On the same day, ICE agents placed Petitioner in removal proceedings, charging him as inadmissible as an "alien present in the United States without being admitted or paroled" and an immigrant "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document" under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act.  ECF 4 at 2.

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  And "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are

United States District Court
Northern District of California

2

satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

**III.    DISCUSSION**

As an initial matter, Petitioner contends that his warrantless arrest violates his rights under the Fourth Amendment, and absent a flight risk or danger to the community, the subsequent detention violates his Fifth Amendment rights. ECF 3 at 7–11. He claims that he faces an imminent risk of serious and irreparable harm if a TRO is not granted, and thus the balance of equities and the public interest weigh in his favor. *Id*. at 11–12.

The Court finds that his arrest is not warrantless. Although Petitioner's stepdaughter states that ICE agents did not present a warrant at the time of Petitioner's arrest, the record shows that the Form I-200 warrant had been issued three weeks prior to the arrest. *See* ECF 4-2 at 2. Petitioner's reliance on *Garcia v. Albarran* and *Bernal v. Albarran* is inapposite in this action because petitioners in those matters were arrested and detained without an active warrant during traffic stops or immigration check-ins. No. 26-cv-04839, 2026 WL 1454512, at *1 (N.D. Cal. May 21, 2026); No. 25-cv-09772-RS, 2025 WL 3281422, at *1 (N.D. Cal. Nov. 25, 2025), *appeal dismissed sub nom. Hernandez Bernal v. Albarran*, No. 26-484, 2026 WL 1133189 (9th Cir. Feb. 25, 2026). Hence, the Court declines to consider Petitioner's related arguments arising from warrantless arrest.

However, the Court concludes that the requirements for issuing a temporary restraining order were met only to the extent of preserving his status quo. There is an ongoing question of merit whether Petitioner's detention is discretionary or mandatory. In his reply brief, Petitioner argues that his detention should be discretionary, governed by 8 U.S.C. § 1226(a), rather than mandatory under 8 U.S.C. § 1225(b)(2)(A). ECF 7 at 10. Respondents concede in their opposition brief that "[e]very court in this district to have considered these questions [] to similarly situated petitioners" and concluded that section 1225(b) does not apply. ECF 4 at 6; *Bautista Pico v. Noem*, No. 25-cv-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025). Although Respondents point out that other district and circuit courts have reached opposite conclusions,

United States District Court
Northern District of California

ECF 4 at 6, they recognize that this question is currently pending before the Ninth Circuit. *Id.* at 7; *Rodriguez Vasquez v. Bostock, et al.*, No. 25-6842 (9th Cir).

Separately, the Court finds that further development of the record is necessary in resolving this inquiry. The only uncontested and solely contested facts in this inquiry are that "Petitioner has lived continuously in the United States approximately 26 years, owns a small business in San Jose, supports a U.S.-citizen daughter and three U.S.-citizen step-children, and has never had any prior encounter with the immigration system." ECF 7 at 11.

Based on the available information and pending the Ninth Circuit's decision in this matter, the Court need not depart from the rulings in this district. Therefore, the Court finds that section 1226(a) applies to Petitioner's detention and that a bond hearing is necessary to resolve his Fifth Amendment rights.

The remaining Winter factors tip in Petitioner's favor. Considering Petitioner requires prescribed diabetes and blood-pressure medications, and is facing a transfer to the McFarland detention facility in California, which is 350 miles away from his family, his attorney, and this Court, the Court finds that Petitioner is likely to suffer irreparable harm in the absence of preliminary relief; and the balance of equities and the public interest weigh in favor of granting relief.

Having found that the requirements of Federal Rule of Civil Procedure 65(b) are met with respect to preserving his status quo and preventing injurious transfer, but not to the extent of a unilateral order of immediate release, the Court finds that the appropriate equitable remedy here is to order a bond hearing before an Immigration Judge. *See Agustin M. N. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03730-RLP, 2026 WL 1536846, at *3 (E.D. Cal. June 1, 2026) (joining other courts in concluding that mandatory detention under section 1225(b) without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.") (citing *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collective cases)).

United States District Court
Northern District of California

4

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** Petitioner-Plaintiff's *Ex Parte* Motion for Temporary Restraining Order.

Within 14 days of the date of service of this order, unless Petitioner consents to a later date, Respondent SHALL provide Petitioner with an individualized bond hearing before an Immigration Judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond." *Id.* at 1203.

In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

Respondents SHALL submit a status report regarding the schedule and the outcome of Petitioner's bond hearing.

Petitioner SHALL NOT be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

The parties SHALL file a joint status report regarding the Petitioner's release, bond hearing date, and medical condition no later than June 8, 2026.

The matter remains on calendar for Monday, June 15, 2026 at 2:00 p.m. for an in-person hearing, if needed.

IT IS SO ORDERED.

Dated: June 4, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

5